IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEOLA STRINGFIELD, | : |
| Plaintiff | : |
| VS. | : |
| | : 7 : 04-CV-142 (RLH) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on December 28, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her applications for disability and Supplemental Security Income benefits in February 2001, alleging disability since February 24, 2000, due to a back injury and back pain. Her applications were denied throughout the administrative levels, with the ALJ determining that she retained the residual functional capacity to perform light work and that she could return to her past relevant work as a housekeeper. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ's credibility determination was not

supported by substantial evidence.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler,

761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ found that

> [o]bjective medical evidence establishes that the claimant has pain and limitations; however, they do not prevent her from performing work at all levels of exertion. At the hearing, the claimant described daily activities, which are not limited to the extent one would expect, given her complaints of disabling symptoms and limitations. Although the claimant has received treatment for her allegedly disabling impairments, that treatment has been essentially routine and/or conservative in nature. The record shows that the claimant has been prescribed and takes appropriate medications for her alleged impairments and that these medications have been relatively effective in controlling her symptoms. Furthermore, the claimant has not alleged any side effects from the use of medications. Another factor influencing the conclusions reached in this decision is the claimant's generally unpersuasive appearance and demeanor while testifying at the hearing. It is emphasized that this observation is only one among many being relied on in reaching a conclusion regarding the credibility of the claimant's allegations and the claimant's residual functional capacity. The claimant betrayed no evidence of pain or discomfort wile testifying at the hearing. While

> the hearing was short-lived and cannot be considered a conclusive
> indicator of the claimant's overall level of pain on a day-to-day
> basis, the apparent lack of discomfort during the hearing is given
> some slight weight in reaching the conclusion regarding the
> credibility of the claimant's allegations and the claimant's residual
> functional capacity.  The [ALJ] notes that the record does not
> contain any opinions from treating or examining physicians
> indicating that the claimant is disabled or even has limitations
> greater than those determined in this decision.  Furthermore, the
> record contains more than one opinion from a treating doctor, which
> supports the RFC reached in this decision.  The undersigned notes
> that both Dr. Walsh and Dr. Hiromoto stated that the claimant was
> capable of modified light work.

R. at 24.

The plaintiff maintains that the ALJ's reasons for discrediting her subjective testimony of disability are not supported by substantial evidence.  She argues that her daily activities do not contradict her allegations of disability, that the ALJ improperly engaged in "sit and squirm" jurisprudence by discussing her demeanor during the hearing, and that Dr. Walsh's opinion relies on findings that the plaintiff was limited to work that involved "primarily sitting".

Plaintiff's daily activities, as set out in her hearing testimony, included washing clothes, attending to her own hygiene and dressing needs, and attending church.  The ALJ's conclusion that her activities do not correspond to the expectations associated with total disability is a legitimate observation, and as one factor in a multi-factored decision on plaintiff's credibility, is supported by substantial evidence.

Although the ALJ may not substitute his observations of the claimant for a consideration of the medical evidence, the ALJ is not prohibited "from considering the claimant's appearance and demeanor during the hearing." Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985).  As in Norris, the ALJ herein based his final decision only in part on his observations of the plaintiff

and "properly considered all the evidence presented", medical and otherwise.  <u>Norris</u>, 760 F.2d at 1158.  The ALJ herein very specifically noted and emphasized that his observations of the plaintiff's demeanor took place during a short hearing and carried only "some slight" weight in making his disability determination, with a multitude of other factors having been considered.

In regard to Dr. Walsh's opinion(s), Dr. Walsh stated in March 2001 that he had "encouraged [the plaintiff] to pursue all activities as tolerated.  She does not have a dangerous condition in her back.  It is safe to pursue any activities to reasonable comfortable [sic].  She is at maximum medical improvement."  R. at 282.  This report, the only one from Dr. Walsh apparently in the record before the ALJ, does not reference or appear to rely on any other medical findings or reports.  The ALJ accurately reported and relied on the medical records before him.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 9th day of March, 2006.

/s/ ***Richard L. Hodge***  
RICHARD L. HODGE  
UNITED STATES MAGISTRATE JUDGE

asb